UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br>　　　　Plaintiff,<br>　v.<br>JASON KO, et al.,<br>　　　　Defendants. | Case No. 18-cv-06653-HSG (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff is a detainee held by United States Immigration and Customs Enforcement (ICE) and currently confined at the Krome Service Processing Center in Miami, Florida pending removal proceedings. His complaint alleges claims based on events that occurred in 2009 in California. On January 17, 2019, the Court ordered plaintiff to show cause why his apparently time-barred claims should not be dismissed. Plaintiff has filed a response. For the reasons discussed below, this action will be dismissed as barred by the statute of limitations.

## DISCUSSION

This action is not governed by 28 U.S.C. § 1915A, which applies only to actions filed by prisoners. This action is, however, subject to the non-prisoner provisions of 28 U.S.C. § 1915 because plaintiff is proceeding *in forma pauperis*. Under the latter provision, notwithstanding any filing fee or any portion thereof that may have been paid, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious, [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915 (e)(2)(B). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

According to the complaint and attachments thereto, plaintiff and his ex-wife (who he refers to as Sarani) were married in Pakistan on May 19, 2007. They came to the United States as a married couple on August 8, 2009. A few months later, they agreed that their marriage was over and that Sarani would be seeking an annulment. Plaintiff alleges that Sarani changed the locks on their residence in Sacramento, California after which point plaintiff went to live in Oakland, California. Plaintiff further alleges that in or around October 2009, Sarani reported plaintiff as a terrorist to the Federal Bureau of Investigations (FBI) and ICE. Sarani turned plaintiff's property over to defendants FBI Special Agent Christopher Hopkins and ICE Special Agent Jason Ko. The property included several items such as laptops, thumb drives, plaintiff's foreign degrees, cash, cameras, and a phone.

Plaintiff alleges that following his ex-wife's accusations, FBI and ICE conducted a thorough investigation of plaintiff from their San Francisco Office. After the investigation, the case was closed, and no charges were filed. Document attached to the complaint show that the investigation was closed in January of 2010. Dkt. No. 1 at 28. Plaintiff reports that since that time, he has tried unsuccessfully to regain his property. *Id.* at 7. He seeks compensatory and punitive damages.

Because plaintiff asserts constitutionals claims against federal employees, his claims derive from *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392-97 (1971). The elements of a private cause of action under *Bivens* and its progeny are (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (§ 1983 and *Bivens* actions are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*). When reviewing a *Bivens* action for which there is no case on point, therefore, § 1983 cases are applied by analogy. *See, e.g., Butz v. Economou*, 438 U.S. 478, 504 (1978) (no distinctions for purposes of immunity between state officials sued under § 1983 and federal officials sued under *Bivens*).

Pursuant to *Van Strum*, 940 F.2d at 409-10, a *Bivens* action uses the same statute of limitations as a § 1983 action. Section 1983 does not contain its own limitations period, so the

2

court looks to the limitations period of the forum state's statute of limitations for personal injury torts. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is now two years, making the statute of limitations period for § 1983 claims two years as well. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802. It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See Elliott*, 25 F.3d at 802. The statute of limitations period generally begins when a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

The allegations in the complaint concern events that plaintiff would have known of when they occurred in 2009 and 2010. Indeed, although he does not specify what measures he has been taking, he admits that he has been trying to regain his property since the close of the investigation in 2010. Dkt. No. 1 at 7, 28. All the operative facts allegedly occurred in 2009 and 2010, and plaintiff was aware of them as they occurred. Consequently, the cause of action accrued no later than 2010.

Plaintiff argues in his response that he is entitled to equitable tolling. As noted in the Court's January 17, 2019 order, equitable tolling applies to time spent pursuing a remedy in another forum before filing a claim in federal court. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). Plaintiff fails to show what other legal remedies he has been pursuing. Thus, the claims are not rendered timely on the basis of equitable tolling.

Plaintiff also argues that he was in the custody of United States Marshal on federal criminal charges from March 2013 to February 2017 and that, following federal sentencing, he was turned over to ICE custody, where he remains today. Incarceration is a disability that may toll the statute of limitations for a maximum of two years, but only for a plaintiff who is under the disability at the time the cause of action accrues. *See* Cal. Civ. Proc. Code § 352.1. Here, plaintiff was not incarcerated in 2010 at the time the cause of action accrued, and indeed, the two-year

statute had already run by the time he entered custody in 2013. In any event, pretrial incarceration does not constitute imprisonment on a criminal charge and thus does not toll the limitations period. *Austin v. Medicis*, 21 Cal. App. 5th 577, 589-97 (Cal. Ct. App. 2018). Thus, the claims are not rendered timely on the basis of California's tolling provisions for incarceration.

The statute of limitations is an affirmative defense that is grounds for *sua sponte* dismissal of an *in forma pauperis* complaint only where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense is complete and obvious from the face of the complaint because this action was filed more than eight years after the acts alleged in the complaint occurred. The Court has given plaintiff an opportunity to explain why the action is not barred by the statute of limitations, and has considered his reasons offered in response but finds that they do not overcome the untimeliness problem. The untimely complaint will be dismissed.

## CONCLUSION

Plaintiff's causes of action accrued no later than 2010. Applying the two-year statute of limitations, plaintiff had to file his action no later than 2012. This action was not filed until November 2018, and therefore missed the statute of limitations deadline by at least six years. This action is dismissed because it is barred by the statute of limitations.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 2/12/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge